IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEVONTE PRESSLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 3:19-cv-148 ) Judge Stephanie L. Haines |
| CO1 MATT MILLER, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Jevonte F. Pressley ("Plaintiff"), a prisoner currently incarcerated at SCI-Forest, wherein he alleges corrections officer Defendants CO1 Matt Miller and CO1 M. Hershenberg violated his rights under the Eighth Amendment while he was incarcerated at SCI-Houtzdale. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff commenced this action on September 11, 2019 by filing a motion for leave to proceed *in forma pauperis* that attached his complaint as an exhibit thereto (ECF No. 1-3). Plaintiff initially named as defendants Barry R. Smith, as SCI-Houtzdale Superintendent, and John E. Wetzel, Secretary of Department of Corrections ("DOC"). Plaintiff then filed an amended complaint against Defendants Miller and Hershenberg (ECF No. 4), and Defendants filed an answer to the amended complaint (ECF No. 16).

On January 25, 2021, Defendants filed a motion for summary judgment (ECF No. 38), brief in support thereof (ECF No. 39), concise statement of material facts (ECF No. 40), and appendix to motion for summary judgment (ECF No. 41). In their motion, Defendants contend they are entitled to summary judgment because Plaintiff failed to exhaust his administrative

1

remedies against Defendants through the DOC's grievance procedures, and alternatively, that Defendants are entitled to judgment as a matter of law on Plaintiff's Eighth Amendment conditions of confinement and deliberate indifference claims. Plaintiff filed a brief in response (ECF No. 42) reiterating his claims that Defendants placed him in an inhumane restrictive housing unit ("RHU") cell, and Plaintiff also attached a number of exhibits which he alleges support these claims and show his attempts to comply with the grievance process.

On September 2, 2021, Magistrate Judge Pesto filed a Report and Recommendation recommending Defendants' motion for summary judgment be granted (ECF No. 47). On September 13, 2021, Plaintiff filed objections to Magistrate Judge Pesto's Report and Recommendation (ECF No. 49).[1] When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of the record and the Report and Recommendation (ECF No. 47), and pursuant to Local Civil Rule 72.D.2, the Court finds that Plaintiff's objections do not undermine the recommendation of Magistrate Judge Pesto (ECF No. 47) to grant Defendants' motion for summary judgment (ECF No. 38), and the Court overrules Plaintiff's objections (ECF No. 49). The Court will grant Defendants' motion for summary judgment (ECF No. 38), and adopt the Report and Recommendation (ECF No. 47) as amended herein.

In their motion for summary judgment and brief in support (ECF Nos. 38 and 39), Defendants first argue that Plaintiff failed to exhaust his administrative remedies because he failed

---

[1] On September 14, 2021, Plaintiff's objections were also docketed at ECF No. 50, however, this appears to be a duplicate of the objections docketed at ECF No. 49.

to name Defendants Miller and Hershenberg during the DOC's grievance process. The PLRA itself does not have a "name all defendants" requirement. *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013) (internal citation omitted). For inmates in the custody of the DOC, DC-ADM 804 provides the relevant grievance procedures, and the policy states in part that the inmate "shall identify individuals directly involved in the events." *See Green v. Maxa*, 2020 WL 1249205, at *5 (W.D. Pa. Mar. 16, 2020); *Jackson v. Carter*, 813 Fed. Appx. 820, 823 (3d Cir. 2020). The Third Circuit has held, "in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constitute[s] a failure to properly exhaust his administrative remedies under the PLRA." *Williams v. Pa. Dep't of Corr.*, 146 Fed. Appx. 554, 557 (3d Cir. 2005). However, this procedural default can be excused if prison administrators respond to the grievance "by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004) (determining whether a prisoner has properly exhausted a claim is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances).

Applying *Spruill*, the Third Circuit has found prison officials to have excused an identification default when their grievance responses acknowledge involvement of the defendants. *See Williams v. Beard*, 482 F.3d 637, 639-40 (3d Cir. 2007); *Robinson v. Johnson*, 343 Fed. Appx. 778, 782 (3d Cir. 2009); *Tenon v. Dreibelbis*, 606 Fed. Appx. 681, 687 n. 5 (3d Cir. 2015). This is because "[t]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Williams v. Beard*, 482 F.3d at 640 (internal citation omitted). But where the inmate does not identify a defendant in the grievance and there is no indication in the record that prison administrators knew that the defendant was involved in the conduct challenged in the grievance, the prisoner has failed

3

to exhaust administrative remedies. *Byrd*, 715 F.3d at 127; *Johnson v. Townsend*, 314 Fed. Appx. 436, 442-43 (3d Cir. 2008).

In this case, Plaintiff filed Grievance No. 769218 in which he alleges that on October 28, 2018, he was sprayed with "OC Spray" (Oleoresin Capsicum "OC" spray), not permitted to wash off the spray, the RHU cell he was then placed in had feces on the walls, and he missed six meals because of the conditions of this cell (ECF No. 41-1 at p.6). Defendants correctly state that Plaintiff did not name Defendants in the initial grievance, responses to the grievance, or in any appeal (ECF No. 41-1).[2] However, Plaintiff's grievance filings consistently indicate he is complaining about being placed in an inhumane RHU cell on October 28, 2018, that he spoke with "6-2 shift C.O.'s, SGT's, and LT's and 2-10 shift SGT's and LT's" (ECF No. 41-1 at p. 4), and in Defendants' answers to interrogatories, Defendants answered affirmatively that Defendants escorted Plaintiff to his RHU cell. *Id.* at p. 8.

Irrespective of Plaintiff's unsuccessful attempts to obtain the names of the Defendants to file a grievance against them, based on the record, Plaintiff's grievance sets forth the substance of the claims against the Defendants by describing his placement in the RHU cell on October 28, 2018. It is undisputed Plaintiff did not name Defendants at any point during the grievance process, but the DOC employees indicted they conducted an investigation into Plaintiff's allegations regarding his placement in the RHU cell on October 28, 2018, indicating Defendants, and their placement of Plaintiff into the RHU cell on October 28, 2018, were a part of the investigation into the grievance and thus "fairly within the compass of the prisoner's grievance." *Spruill*, 372 F.3d at 234-35; *See also, Sanders v. Beard*, 2013 U.S. Dist. LEXIS 56589, at *7 (M.D. Pa. Apr. 19,

---

[2] Defendants additionally set forth that they had nothing to do with the use of force incident (ECF No. 39 at p. 6). Plaintiff does not appear to be raising any claims relating to the use of force incident to the Court in this action.

2013) (finding plaintiff was excused of procedural default for failing to name maintenance manager defendants as defendants were "fairly within the compass" of the grievances complaining of health conditions at prison and grievances set forth the substance of plaintiffs' claims against them). Accordingly, the Court finds Defendants have not established the affirmative defense of failure to exhaust administrative remedies as a matter of law.

However, while Plaintiff's allegations identifying Defendants' role in Plaintiff's placement in the RHU cell may serve as notice sufficient to excuse his procedural default, Plaintiff's conclusory allegations fail to support his Eighth Amendment claims against Defendants. Plaintiff has essentially raised a conditions of confinement claim against Defendants. To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). The first element is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights. *Id.* at 302-03; *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

In *Thomas v. Tice*, 948 F.3d 133 (3d Cir. 2020), the Third Circuit stated it recently adopted a subjective knowledge standard to establish deliberate indifference, which requires a showing that prison officials actually knew of and disregarded constitutional violations. The Third Circuit describes the standard as follows:

> This standard is consistent with the general standard for liability which requires a showing that each defendant was personally involved in the alleged wrongdoing.

5

> *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* A defendant's knowledge of a risk to health and safety "can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). When considering whether conditions of confinement violated the Eighth Amendment, we recognize that "the Constitution does not mandate comfortable prisons, and prisons ... which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

*Thomas v. Tice*, 948 F.3d 133, 138-39 (3d Cir. 2020).

In this case, Plaintiff states he was in the inhumane RHU cell containing feces for approximately three days. While Plaintiff produced several affidavits from fellow prisoners, these affidavits do not explain how these individuals could have direct knowledge of the conditions in the cell or the ability to observe the activities of its prior occupants. Additionally, the record reflects that Plaintiff conducted written discovery in this case (ECF No. 41-1 at pp. 8-9), but Plaintiff failed to adduce any factual evidence in support of his claims regarding feces contaminating his RHU cell. *See Whitney v. Wetzel*, 649 F. App'x 123, 127 (3d Cir. 2016) (affirming dismissal of Eighth Amendment conditions of confinement claim relating to cell containing feces when plaintiff failed to provide record support showing other inmates smeared feces on the walls, any evidence of the proximity of his cell to the cells containing feces or to inmates who allegedly threw feces).

Moreover, even if the conditions and deprivations allegedly suffered by Plaintiff violated his Eighth Amendment rights, Plaintiff has not met his burden under Rule 56 to show Defendants were personally involved in those deprivations. To oppose summary judgment, Plaintiff broadly alleges in his response brief (ECF No. 42) that Defendants escorted him to the RHU cell, were deliberately indifferent to his requests to be placed in another cell due to the RHU cell having fecal

6

matter in it, were alerted to the dangers of placing Plaintiff in the RHU cell but still placed him there, and were responsible for his treatment from October 28, 2018 through November 4, 2018 (ECF No. 42 at ¶¶1-5). Plaintiff does not provide any facts in support of these allegations. There is an absence of factual evidence in the record to support Plaintiff's claims as to the conditions of his cell, which the record reflects was deemed serviceable (ECF No. 41-1 at p.5), and as to the personal involvement of Defendants relating to those conditions.

"[W]e do not at the summary judgment stage of proceedings accept as true allegations unsupported in the record. Even though the right to a jury trial is implicated, a nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings." *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 322 (3d Cir. 2016) (internal citations and quotations omitted). Plaintiff needed to "present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)). Plaintiff failed to adduce factual evidence that would allow a reasonable jury to find Defendants liable for Plaintiff's allegations, and therefore, Plaintiff's conditions of confinement claims against Defendants fail.

To the extent Plaintiff alleges deliberate indifference claims against Defendants relating to alleged prolonged exposure to OC spray, there is also a lack of evidence to support this claim. In his brief response (ECF No. 42), Plaintiff produced a medical incident/injury report dated October 28, 2018, which describes Plaintiff denied any injuries but complained of the OC burning his left arm, though the nurse was unable to see any injury (ECF No. 42-9). The record shows Plaintiff had "OC contact with eyes, face, and exposed upper body" and that treatment was rendered by decontaminating his eyes. *Id.* As to Plaintiff's allegations Defendants disciplined him by refusing

7

to allow him to shower, there is nothing in the record to support these allegations, and Defendants' answers to interrogatories indicate that Defendants do not remove these privileges with regard to showers (ECF No. 41-1 at pp. 8-9). While it is not clear from the record why Plaintiff was not able to shower for eight days in that period of time, there is no record evidence to suggest Defendants were deliberately indifferent to his medical needs relating to OC spray exposure.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 16th day of September, 2021, upon *de novo* review of Defendants' Motion for Summary Judgment (ECF No. 38), Plaintiff's response thereto (ECF No. 42), the Report and Recommendation (ECF No. 47), Plaintiff's objections (ECF No. 49), and all documents filed of record in this matter, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is GRANTED and summary judgment is entered in favor of Defendants on Plaintiffs' claims; and,

IT IS FURTHER OREDERED that Plaintiff's objections (ECF No. 49) to the Magistrate Judge's Report and Recommendation (ECF No. 47) hereby are OVERRULED; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 47) is adopted as amended herein; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this case as CLOSED; and,

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(l) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days from entry of judgment to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Stephanie L. Haines
United States District Judge

cc/ecf:  All counsel of record